United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DOUGLAS DANIEL CLARK,

    Plaintiff,

v.

WAYNE JEPPESON, et al.,

    Defendants.
                                               /

No. C 08-4224 PJH (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

    Plaintiff, a prisoner at Salinas Valley State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

    Venue is proper in this district because a substantial part of the events giving rise to the action occurred in this district. *See* 28 U.S.C. § 1391(b).

**DISCUSSION**

**A. Standard of Review**

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at

1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (per curium) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Legal Claims**

The complaint is a rambling narrative of events which plaintiff feels were violations of his constitutional rights.  "The Federal Rules require that averments 'be simple, concise, and direct.'"  *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).  Prolix, confusing complaints such as the one plaintiff filed in this case impose unfair burdens on litigants and judges and fail to perform the essential functions of a complaint.  *Id.* at 1179-80 .  The complaint is not divided into claims and it is difficult to determine who is intended to be the defendant on which claims.  For example, he alleges that he has been subject to retaliation, but it is not clear which of the alleged actions by which defendants plaintiff believes to be retaliatory.  Plaintiff should state each claim separately, and for each claimed violation of

his constitutional rights, he must state what occurred and the date(s) on which the events occurred. He also must identify each defendant he proposes to hold liable for each claim, and allege facts showing what each of those persons did or failed to do that violated his constitutional rights.

For these reasons, the complaint will be dismissed with leave to amend to file one amended complaint containing all the claims plaintiff wishes to present. The complaint must be divided into claims, one for each distinct event in which he contends there were violations of his rights, and with the defendants as to each claim identified. Each claim should be divided into numbered paragraphs, rather than being one undivided narration. Plaintiff should avoid argument, inflammatory language and unnecessary detail.

In addition, plaintiff appears to be attempting to state a claim that his rights were violated when false rules violation reports were written against him. Such claims are not actionable under Section 1983. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986).

Lastly, plaintiff has written numerous letters to the court. Letters and other correspondence to the court are not permitted; plaintiff may only raise matters with the court by motions and pleadings authorized by, and filed in accordance with, the Federal Rules of Civil Procedure and the court's Local Rules.

## CONCLUSION

For the foregoing reasons,

1. The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik,* 963 F.2d at 1262. He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 14, 2009

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.06\YONAI119.DWL