UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DOUGLAS DANIEL CLARK,

    Plaintiff,

v.

WAYNE JEPPESON, et al.,

    Defendants.

No. C 08-4224 PJH (PR)

**ORDER DENYING MOTIONS FOR HEARING, TO RECUSE, AND TO PROCEED IFP; ORDER OF DISMISSAL WITH LEAVE TO AMEND**

This is a civil rights case filed pro se by a state prisoner. It was dismissed because its rambling narrative nature made it impossible to determine what claim plaintiff intended to present. He has filed an amended complaint and several motions.

**DISCUSSION**

**A.  Motions**

Plaintiff has filed a motion for a hearing on the court's earlier order dismissing the complaint with leave to amend, a motion to recuse the undersigned, and a motion for leave to proceed in forma pauperis.

Because leave to proceed in forma pauperis was granted on April 14, 2009, the motion to proceed in forma pauperis will be denied as moot. The motion for a hearing will be denied because there is no point in holding a hearing on an order that has already been entered. If plaintiff wishes to move to reconsider, he should file a motion asking for leave to

file a motion to reconsider, as required by the local rules. *See* Local Rule Civ. 7-9(a).

Plaintiff has again moved to recuse the undersigned judge. The court has determined not to recuse because the allegations of bias are grounded on earlier rulings in this case and his other cases, which is not a proper basis for recusal. *See Liteky v. United States*, 510 U.S. 540, 555-56 (1994) (judicial rulings alone may constitute grounds for appeal, but almost never constitute a valid basis for a bias or impartiality motion). The motion to recuse is therefore frivolous and will be denied. *See* Local Rule Civ. 3-15.

### B. Review of Amended Complaint

#### 1. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (per curium) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**2. Analysis**

In the order dismissing the original complaint, the court said:

> The complaint is a rambling narrative of events which plaintiff feels were violations of his constitutional rights. "The Federal Rules require that averments 'be simple, concise, and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). Prolix, confusing complaints such as the one plaintiff filed in this case impose unfair burdens on litigants and judges and fail to perform the essential functions of a complaint. *Id.* at 1179-80. The complaint is not divided into claims and it is difficult to determine who is intended to be the defendant on which claims. For example, he alleges that he has been subject to retaliation, but it is not clear which of the alleged actions by which defendants plaintiff believes to be retaliatory. Plaintiff should state each claim separately, and for each claimed violation of his constitutional rights, he must state what occurred and the date(s) on which the events occurred. He also must identify each defendant he proposes to hold liable for each claim, and allege facts showing what each of those persons did or failed to do that violated his constitutional rights.

In the amended complaint plaintiff says that he has only one claim, that defendants retaliated against him for filing a grievance "exposing them for gross misconduct." He contends that they had various roles in filing and pursuing a false rule violation report against him, and that his conviction on the rules violation report was thrown out by the warden on appeal. At the end of his statement of the claim on page three of the complaint he says ("see attached at 'III.'") There is no such attachment.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). The prisoner bears the burden of pleading and proving absence of legitimate correctional goals for the conduct of which he complains. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).

Plaintiff has not alleged that writing the rules violation report did not advance legitimate correctional goals, a requirement for proper pleading of a retaliation claim. Because of this and because of the omission of attachment III, the complaint will be dismissed with leave to amend.

## CONCLUSION

For the foregoing reasons,

1. Plaintiff's motions for hearing (document number 16 on the docket), to recuse (document 17), and to proceed IFP (document 19) are **DENIED**.

2. The amended complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order.  The amended complaint must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal of these claims.

2. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: March 29, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.08\CLARK4224.DWLTA2.wpd