1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DOUGLAS DANIEL CLARK,                    No. C 08-4224 SI (pr)

       Plaintiff,                         **ORDER OF DISMISSAL**

    v.

WAYNE JEPPESON; et al.,

       Defendants.
_____/

## INTRODUCTION

Douglas Daniel Clark, an inmate on death row at San Quentin State Prison, filed a <u>pro se</u> civil rights action under 42 U.S.C. § 1983. His two most recent amended complaints are now before the court for its consideration.

## BACKGROUND

The action was originally assigned to Judge Hamilton but was reassigned to the undersigned after Clark – having had two recusal motions denied – added Judge Hamilton as a defendant in his most recent amended complaint. While Judge Hamilton presided over the action, the court dismissed the complaint with leave to amend (docket # 12) and then dismissed the amended complaint with further leave to amend (docket # 23). The *original* complaint was dismissed because it was a "rambling narrative of events which plaintiff feels were violations of his constitutional rights" that did not clearly plead his claims or identify which persons he intended to include for which claim. Docket # 12 at 2-3. Clark was instructed to file a single amended complaint "divided into claims, one for each distinct event in which he contends there were violations of his rights, and with the defendants as to each claim identified. Each claim

United States District Court
For the Northern District of California

1  should be divided into numbered paragraphs, rather than being one undivided narration.  Plaintiff

2  should avoid argument, inflammatory language and unnecessary detail." *Id.* at 3. The *amended*

3  complaint was dismissed because Clark had not attached a document he directed the reader to

4  and because he had not adequately pled a retaliation claim.  Docket # 23 at 3-4.   The court

5  specifically noted that Clark had "not alleged that writing the rules violation report did not

6  advance legitimate correctional goals, a requirement for proper pleading of a retaliation claim."

7  *Id.* at 4.

8       After the amended complaint was dismissed with leave to amend, Clark filed two

9  amended complaints (docket # 28 and # 29).  In so doing, he failed to comply with the court's

10  specific instruction to include all his claims in one amended complaint. *See* Docket # 12, p. 3.

11  The most recently filed pleading normally supersedes the earlier ones, *see London v. Coopers*

12  *& Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged

13  in the original complaint which are not alleged in the amended complaint.")  Due to the

14  possibility that Clark was unaware of that rule, the court will review both of the amended

15  complaints rather than require yet another amendment.

16

17                         **DISCUSSION**

18       A federal court must engage in a preliminary screening of any case in which a prisoner

19  seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

20  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss

21  any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted,

22  or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §

23  1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police*

24  *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

25       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that

26  a right secured by the Constitution or laws of the United States was violated and (2) that the

27  violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487

28  U.S. 42, 48 (1988).

United States District Court
For the Northern District of California

A.    *The Amended Complaint (docket # 28).*

In the amended complaint at docket # 28, Clark alleges that defendant Jeppeson issued a "false and illegal" rule violation report to retaliate against Clark for three "'protected speech'" documents against Jeppeson. Amended Complaint (Docket # 28), p. 3. Jeppeson allegedly also issued "illegal" commands to lieutenant Robinson to place Clark in the adjustment center "with none of the RVR or 'rollup' order processed." *Id.* Clark also alleges a variety of "illegal" actions by other officials apparently as part of this retaliation, but his allegations of "illegal" conduct by defendants appear to mean only that the actions were not in compliance with the prison regulations.

Like the allegations in his earlier pleadings, the allegations of the amended complaint do not comport with the Federal Rules requirement of simple, concise and direct averments. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). Much of the text of the rambling amended complaint is spent disparaging the prison officials and judges with whom he disagrees. This kind of invective may make Clark feel better but fails to accomplish the purpose of a pleading, which is to provide a statement of one's claims to give the opponent notice and frame the dispute. Clark's amended complaint does not provide a coherent statement of his claim(s). More importantly, notwithstanding the court's specific instruction that he had to allege that writing the rules violation report did not advance legitimate penological goals, *see* Order Denying Motions For Hearing, To Recuse, and To Proceed IFP; Order Of Dismissal With Leave To Amend, p. 4, Clark chose not to do so. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); *see also Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline).

United States District Court
For the Northern District of California

1   Clark has failed to state a claim upon which relief may be granted for retaliation. Further leave

2   to amend will not be granted because the court earlier specifically instructed him as to what he

3   needed to plead to state a claim and he failed to do so.

4       Clark also appears to complain about the handling of his inmate appeals by various prison

5   officials who failed to find in his favor on his administrative appeals. The failure to grant an

6   inmate's appeal in the prison administrative appeal system does not amount to a due process

7   violation. There is no federal constitutional right to a prison administrative appeal or grievance

8   system for California inmates. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Antonelli*

9   *v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The denial of an inmate appeal is not so severe

10  a change in condition as to implicate the Due Process Clause itself and the State of California

11  has not created a protected interest in an administrative appeal system in its prison. California

12  Code of Regulations, title 15 sections 1073 and 3084 grant prisoners in the county jails and state

13  prisons a purely procedural right: the right to have a prison appeal. The regulations simply

14  require the establishment of a procedural structure for reviewing prisoner complaints and set

15  forth no substantive standards; instead, they provide for flexible appeal time limits, *see* Cal.

16  Code Regs. tit. 15, § 3084.8, and, at most, that "[n]o reprisal shall be taken against an inmate or

17  parolee for filing an appeal," *id.* at § 3084.1(d). A provision that merely provides procedural

18  requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty

19  interest. *See Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993); *see also Antonelli*, 81 F.3d at

20  1430 (prison grievance procedure is procedural right that does not give rise to protected liberty

21  interest requiring procedural protections of Due Process Clause).

22

23  B.      *The Other Amended Complaint (docket # 29).*

24      In addition to the amended complaint discussed above, Clark filed a separate amended

25  complaint (docket # 29) in which he alleged a second claim. In this amended complaint –

26  insofar as the court understands the jumbled narrative – Clark appears to allege that the evidence

27  of non-exhaustion in another civil rights action was false evidence prepared and received as part

28  of a conspiracy. If the court confined its analysis to the text of the amended complaint (docket

4

# 29), it would dismiss it for failure to state a claim upon which relief may be granted.

To have any hope of understanding what Clark is talking about – and possibly see if there is a claim lurking beneath the jumbled narrative – one must review what transpired in his earlier action. Clark's earlier action, *Clark v. Petrakis*, No. C 05-351 PJH, was dismissed on March 24, 2008 because he had not exhausted administrative remedies for the five claims in that action.[1] The court rejected Clark's arguments that he had exhausted administrative remedies:

> Defendants Petrakis, Fuller, Adamik, Brown, Warren, Ward and Woods have moved to dismiss on grounds plaintiff has not exhausted his administrative remedies as to these claims. They have provided declarations of R. Brau, Appeals Coordinator at San Quentin, and N. Grannis, the Chief of the Inmate Appeals Branch, sufficient to show that plaintiff did not appeal these issues to the third and final level. See decl. N. Grannis, attached ex. C; decl. R. Brau, attached ex. A.
>
> In opposition plaintiff contends that he did exhaust, but provides mostly vehement but irrelevant argument. For instance, he contends that he exhausted a claim that Ward retaliated against him for filing grievances by making him run his finger around his own gums four times, something plaintiff asserts is not a proper part of a search. Pl. Opp. at 7-8. Defendants are correct, however, that only one of the two claims in the grievance, the one about a damaged television set, was granted, and that plaintiff failed to pursue the claim about the search. Decl. Brau at H-9. His other contentions are similar, providing more heat than light. In contrast, movants have provided a useful chart of plaintiff's appeals on pages four and five of their reply, which is supported by the evidence provided with the motion to dismiss and which is sufficient to establish that the claims the court allowed to proceed are not exhausted.

*Clark v. Petrakis*, No. C 05-351 PJH, Order Granting Motion To Dismiss, ¶. 3-4. Clark attempted to appeal. The Ninth Circuit dismissed Clark's appeal for lack of jurisdiction because Clark had not filed a timely notice of appeal.

In the amended complaint, Clark names as defendants five actors from the 2005 action. He alleges that inmate appeals officers Brau and Grannis violated his civil rights by submitting declarations with the allegedly falsified evidence of non-exhaustion in the 2005 action, that California Deputy Attorney General Lisa Sciandra conspired with Brau and Grannis to "manufacture[] an illusion of 'failure to exhaust,'" and that Judge Hamilton "knowingly feigned belief the false documents were 'authentic' in spite of overwhelming proof to the contrary, and completed the conspiracy's extrajudicial plot by dismissing with prejudice my suit." Amended

---

[1]Judge Hamilton presided over the 2005 case after Judge Ware granted Clark's motion to recuse Judge Ware.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   Complaint (docket # 29) at p. 3.  The damages sought include the value of the "valid destroyed

2   civil rights suit these conspirators' faked documents derailed."  *Id.* at 3-4.

3        The amended complaint is dismissed for failure to state a claim upon which relief may

4   be granted.  First, the documents Clark attached to the complaint and the court records of which

5   this court takes judicial notice demonstrate that defendant Brau did not make the statement in

6   the earlier action that Clark now attributes to him.  Clark alleges Brau "faked" a CDC-602

7   inmate appeal to suggest it had not received a third level decision.  But Brau's declaration in the

8   2005 case made no such representation about the CDC-602 and defendants in the 2005 action

9   did not even argue that he had not received a third level decision on that inmate appeal.

10  *See* Docket # 51 in Case No. C 05-351 PJH (Brau declaration at paragraph 5(k) and exhibit L1 -

11  L21); Docket # 81 in Case No. C05-351 PJH (defendants' reply brief stating that the inmate

12  appeal at Exhibit L to Brau's declaration received a 3rd level decision but did not exhaust

13  because the issue in the inmate appeal was not the issue raised in the complaint).  Clark's

14  allegation of false evidence and a false statement in an earlier action fails to state a claim where

15  documents attached to the complaint and documents from another case file in this court that the

16  court judicially notices plainly show his allegation to be false.  *See generally   Gant v.*

17  *Wallingford Bd. of Educ.*, 69 F.3d 669, 674 (2d Cir. 1995) ("Courts have found that '[i]f the

18  appended document . . . reveals facts which foreclose recovery as a matter of law, dismissal is

19  appropriate,' . . .  An appended document will be read to evidence what it incontestably shows

20  once one assumes that it is what the complaint says it is (or, in the absence of a descriptive

21  allegation, that it is what it appears to be).")  Second, the conclusory allegations of a conspiracy

22  do not aid Clark because conclusory allegations of a conspiracy unsupported by material facts

23  are insufficient to state a claim under § 1983.  *Woodrum v. Woodword County*, 866 F.2d 1121,

24  1126 (9th Cir. 1989); *see also id.* (plaintiff must allege that a constitutional right was violated

25  – conspiracy, even if established, does not give rise to liability under § 1983 unless there is such

26  a deprivation).  Third, defendants Brau and Grannis have absolute witness immunity for

27  statements made in their declarations.  *See Briscoe v. LaHue*, 460 U.S. 325, 329-46 (1983);

28  *Burns v. County of King*, 883 F.2d 819 (9th Cir. 1989).  That absolute witness immunity also

extends to alleged conspiracies to commit perjury. *See Franklin v. Terr*, 201 F.3d 1098, 1099 (9th Cir. 2000). Fourth, Judge Hamilton has absolute judicial immunity from Clark's claim. Despite Clark's allegation that it was an "extrajudicial plot," the alleged conduct of Judge Hamilton of which he complains falls squarely within her judicial duties. A federal judge is absolutely immune from civil liability for acts performed in her judicial capacity. The immunity is not limited to immunity from damages, but extends also to actions for declaratory, injunctive and other equitable relief. *See Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996); *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1394 (9th Cir. 1987). This is because if a federal judge violates a litigant's constitutional rights in a proceeding pending in federal court, Congress has provided carefully structured procedures for taking appeals and for petitioning for extraordinary writs in Title 28 of the United States Code. *See id.* Clark's recourse for his disagreement with the ruling in the 2005 case was to file an appeal. His failure to timely appeal in the 2005 case does not allow him to try to hold all who didn't agree with him liable based on a factually unsupported conspiracy theory. The claim is dismissed without leave to amend.

## CONCLUSION

This action is dismissed because the amended complaints fail to state a claim upon which relief may be granted. Leave to further amend will not be granted because it would be futile. This action is dismissed. The clerk shall close the file.

IT IS SO ORDERED.

Dated: July 7, 2011

_____
SUSAN ILLSTON
United States District Judge

7